UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLEN D. STANLEY,<br>Plaintiff,<br>v.<br>N. BRIETENBACH, et al.,<br>Defendants. | Case No. 3:26-cv-00071-ART-CSD<br>ORDER |

Plaintiff Allen D. Stanley brings this action under 42 U.S.C. § 1983 for events occurring while Stanley was housed at Lovelock Correctional Center. Stanley's claim alleges that he requested treatment for his asthma multiple times but has not received any treatment. In addition, Plaintiff alleged that while he was suffering an asthma attack on May 17, 2025, Likens and Whately accused Plaintiff of being intoxicated to prevent him from receiving medical care. After screening the complaint, the court allowed Plaintiff to proceed with two claims for relief: (1) an Eighth Amendment deliberate indifference claim against Defendants Dr. Dana Marks and Jane Doe for the failure to treat his asthma; and (2) a retaliation claim against Likens and Whately. (ECF No. 10.) Before the Court is Plaintiff's motion for a preliminary injunction and temporary restraining order requiring Defendants to schedule him to see an outside provider to treat his asthma and to prevent further retaliation. (ECF Nos. 2, 3, 4, 5.) Defendants filed responsive briefs, (ECF Nos. 14, 15, 16, 17) and Stanley filed a reply (ECF No. 23, 24.)

United States Magistrate Judge Craig S. Denney issued a Report and Recommendation ("R&R") recommending denial of Stanley's motions for failure

to establish a likelihood of irreparable harm. (ECF No. 34) Plaintiff filed an objection to that R&R. (ECF No. 36.) Defendants filed a response. (ECF No. 40.) For the reasons identified below, the Court overrules Plaintiff's objection, affirms the R&R, and denies Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 2, 3.) In light of the fact that Stanley indicated in his objection to the R&R that he did not receive a prescription that Dr. Wiliams indicated he would provide at the hearing (ECF No. 36) the Court will order Defendants to file a status report regarding Stanley's Advair prescription.

## I. Factual and Procedural Background

The following factual background is derived from Judge Denney's R&R:

Plaintiff acknowledges he has been prescribed and is receiving a Xopenex inhaler to treat his asthma at least once every 90 days, and an inhaler is meant to last 60-90 days. (*See* ECF No. 17-1 at 67, 17-2, 33; *see also* ECF No. 17-1 at 49.) The records indicate Plaintiff has been receiving an inhaler since June 2025, shortly after he filed a kite and informal grievance about the lack thereof. (ECF No. 11-1, 17-1 at 32 & 67, 17-2.)

On November 12, 2025, Plaintiff submitted a medical kite complaining of chest and heart pains. Plaintiff asserted he had an asthma attack the day before but received no treatment. He also alleged his inhaler was not helping. (ECF No. 17-1 at 29.) The response to the kite states: "Addressed 11/12/25. [R]eceived breathing tx." (*Id.*)

On November 16, 2025, Plaintiff requested a refill on his inhaler and "a breathing treatment until I am able to receive another inhaler." (*Id.* at 28.) The next day, Plaintiff was seen at medical in response to his kite and evaluated. At that time, his respirations were "even [and] unlabored," he was "able to speak in full sentences without gasping or stopping," and his oxygen was at 98%. Plaintiff stated that his symptoms were "due to 'running out of pumps,'" and Plaintiff was advised that his inhaler should be lasting 90 days. (*Id.* at 49.)

On December 12, 2025, Plaintiff was seen by medical after he woke up with difficulty breathing. He was provided an additional inhaler, and, after using it, reported "feeling much better" and was "no longer complaining of difficulty breathing." (ECF No. 17-1 at 48.)

Medical records also include numerous instances in which Plaintiff was found unresponsive or unconscious. (*See* ECF No. 17-1 at 8-17.) Dr. Williams represented that while some of the symptoms Plaintiff presented with during these episodes could be caused by asthma, an asthma attack would not have gotten better on its own. (ECF No. 33.) In each of these documented instances, Plaintiff was not provided any treatment beyond observation. (ECF No. 17-1 at 8-17.)

The Court held a hearing on Stanley's motion on July 17, 2026, where Dr. Williams represented that he was willing to prescribe Stanley another daily medication that would reduce his reliance on the inhaler, which can have side effects. (ECF No. 34 at 6.)

The alleged retaliation took place on May 17, 2025, and Plaintiff's first kite and grievance about his asthma were not received by Defendants until May 21, 2025. (ECF No. 34 at 7.) Plaintiff maintains that he filed a kite complaining of his asthma treatment on May 8, 2025. (*Id.*)

## II. Legal Standard

### A. Preliminary Injunction and Temporary Restraining Order

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

### B. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. Analysis

Stanley objects to Judge Denney's R&R on the basis that the treatment he has been receiving is not "full asthma treatment," and Dr. Williams has not yet prescribed another daily medication as he suggested he would at the July 17 hearing. (ECF No. 36 at 3.) He also argues that this failure to provide follow-up care demonstrates that he is still being retaliated against for filing a grievance.

Judge Denney concluded that Stanley could not establish irreparable harm for the sake of a preliminary injunction or temporary restraining order because he is receiving treatment and has not established that any treatments beyond what he is currently receiving—and may additionally receive by order of Dr. Williams—are necessary to avoid irreparable harm. He also found that Stanley did not carry his burden to show that he will again be subject to any retaliatory behavior by Likens and Whatley after the alleged incident over a year ago.

In his objection, Stanley does not provide additional evidence that he will suffer irreparable harm if he is not given additional asthma treatment beyond the inhaler he is already prescribed. (ECF No. 36 at 1-2.) He argues instead that this is not "full active asthma treatment." (ECF No. 36 at 5.) Stanley also restates that he filed a kite on May 8, 2025, complaining about his lack of asthma treatment, demonstrating that Likens and Whaley retaliated against him.

Because Stanley restates the same arguments that he made in his original motion for his denial of asthma treatment and retaliation by Likens and Whatley, he has not demonstrated that he will suffer irreparable harm going without a preliminary injunction or temporary restraining order.

In their response, Defendants state that Dr. Matthew Dikin prescribed Stanley Advair prior to July 30, 2026, which was filled by the NDOC Pharmacy. (ECF No. 40 at 4.) They claim that Stanley has "likely" already received this medication as of the date of their reply, but do not offer evidence to prove it. Stanley claims he has not yet received subsequent care. (ECF No. 36, 40.) Therefore, while the Court affirms Judge Denney's R&R and denies Stanley's motion for a preliminary injunction and temporary restraining order, the Court will order Defendants to issue a status report regarding Stanley's Advair prescription.

**IV. Conclusion**

It is therefore ordered that Plaintiff's objection to Judge Denney's Report and Recommendation (ECF No. 36) is OVERRULED.

It is further ordered that Judge Denney's Report and Recommendation recommending denial of Stanley's motions for a preliminary injunction and temporary restraining order (ECF No. 34) is AFFIRMED.

It is further ordered that Stanley's motions for a preliminary injunction and temporary restraining order (ECF Nos. 2, 3, 4, 5) are DENIED as moot.

It is further ordered that Defendants must submit a status report regarding Stanley's Advair prescription by September 24, 2026.

//

//

//

//

//

Dated this 10th day of September, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE