**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLEN STANLEY,<br>Plaintiff<br>v.<br>N. BRIETENBACH, et al.,<br>Defendants | Case No.: 3:26-cv-00071-ART-CSD<br>**Order**<br>RE: ECF No. 51 |

Plaintiff has filed a motion for appointment of counsel. (ECF No. 51.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015).

In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff seeks the appointment of counsel on the basis that he is unfamiliar with the law and does not have any more inmate assistants to guide him, his case is complex and he does not know how to write a case management report.

The lack of legal education or familiarity with the law and limited access to a law library are circumstances common to almost all pro se inmate litigants and generally do not rise to the level of exceptional circumstances. In addition, the need to conduct research, investigation and discovery are common to all litigation and do not automatically make a case complex.

Plaintiff has not demonstrated a likelihood of success on the merits of his claims. Nor are Plaintiff's claims unduly complex. To this point, the court finds Plaintiff has been able to adequately articulate himself.

Therefore, Plaintiff's motion for appointment of counsel (ECF No. 51) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 16, 2026

Craig S. Denney
United States Magistrate Judge